Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NICHOLSON HOFHEINZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMOK TIME TOYS, INC., a New Jersey Corporation; WWW.DAAVEEDEE.COM, a business entity of form unknown; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3. BREACH OF CONTRACT<br><u>Jury Trial Demanded</u> |

Plaintiff SUSAN NICHOLSON HOFHEINZ (hereinafter "HOFHEINZ"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 1 -

COMPLAINT

**INTRODUCTION**

Plaintiff HOFHEINZ is, amongst other things, the exclusive owner of the rights in and to a group of creepy sci-fi and horror films from the 1950s. These films include: *Invasion of the Saucer-Men, I Was a Teenage Frankenstein, I Was a Teenage Werewolf, It Conquered the World, The Amazing Colossal Man,* and *Terror From the Year 5000* (collectively "Films").

Defendants AMOK TIME TOYS, INC. ("AMOK") and WWW.DAAVEEDEE.COM ("DAAVEEDEE") have knowingly created, marketed, imported, distributed, or sold products that violate HOFHEINZ's copyrights in and to the Films after representing not to do so in separate settlement agreements from prior actions asserted against them. This case seeks redress for these willful violations and for breach of the settlement agreements.

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff HOFHEINZ is an individual residing in Southern California.

5. Plaintiff is informed and believes and thereon alleges that Defendant AMOK is a corporation organized and existing under the laws of the New Jersey and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant DAAVEEDEE is a limited liability company organized and operating under the laws of the state of New Jersey, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of product to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying materials and other product exploiting the Films without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's rights, have contributed to the infringement of Plaintiff's rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

- 3 -
COMPLAINT

all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE FILMS

10. Plaintiff is the exclusive owner and copyright holder for the Films and certain if not all of the related marketing materials. Plaintiff owns in exclusivity copyright registrations for the content at issue.

11. The Films and their marketing materials were published prior to the acts alleged herein in compliance with all copyright formalities.

12. Plaintiff is informed and believes that Defendants, and each of them, took access to and received the Films and related marketing materials prior to the acts alleged therein.

13. Plaintiff's is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from the Films ("Accused Product").

14. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that AMOK and DAAVEEDEE sourced, manufactured, imported, and/or had had created the Accused Product and sold, transferred, and distributed it to DOE Defendants and the public.

15. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of the Films.

16. Certain exemplars of the Accused Product originating from and/or offered for sale by the Defendants, and each of them, are set forth below. In the images below the viewer will find certain exemplars of the Accused Product that infringes HOFHEINZ's rights in that Films:

## AMOK ACCUSED PRODUCT EXEMPLAR



## DAAVEEDEE ACCUSED PRODUCT EXEMPLAR



17. Examination of the above images makes clear that the Accused Product is substantially similar to the characters and content from the Films (AMOK Accused Product), or is an unauthorized reproduction of one or more of the Films in their entirety (DAAVEEDEE Accused Product). This violates Plaintiff's copyrights in the Films.

18. Defendants, nor any of them, ever obtained from HOFHEINZ permission to exploit in any way the Films, their characters, or their marketing materials.

19. In addition, Defendants, and each of them, violated HOFHEINZ's copyrights in the films willfully and maliciously, in that AMOK and DAAVEEDEE sold Accused Product after having been sued for infringing said copyrights in the prior cases filed in this District and entering into settlement agreements in which AMOK and DAAVEEDEE agreed to be enjoined from any buying, selling, and/or distributing products featuring content from the Films prior to the acts complained of herein.

20. Plaintiff is informed and believes and thereon alleges that the owners of the Defendants, and each of them, were personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

21. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Films, which were first released in theaters in the 1950s.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, misappropriated content from the Films to create, or have created, products that are substantially similar to certain of the material encompassed in the Films.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Films and by producing, distributing and/or selling product that infringes the Films through a nationwide network of retail stores and on-line outlets.

25. Plaintiff is further informed and believes, and thereon alleges, that Defendants, and each of them, created unlawful derivative works that were based on the Films, and sold said works in commerce.

26. The above-stated acts by Defendants, and each of them, violated Plaintiff's exclusive right to create derivative works from Films and her exclusive right to distribute and sell product related to the Films' material.

27. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of HOFHEINZ's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Films in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for HOFHEINZ's rights as a copyright holder for the Films, and as such, Defendants, and each, are liable for

willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

30. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Accused Product as alleged hereinabove.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of HOFHEINZ's rights in the Films. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Films, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Films by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for HOFHEINZ's rights as a copyright holder for the Films, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Breach of Contract – Against AMOK and DAAVEEDEE)

36. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

37. Plaintiff previously asserted the copyright infringement allegations made herein through the actions *Susan Nicholson Hofheinz v. Amok Time Toys, Inc.; et al.,* bearing Case No. EDCV12-1344 JAK (OPx) and *Susan Nicholson Hofheinz v. www.raremoviemart.com.; et al.*, bearing Case No. CV12-09307. The cases settled on confidential terms, with HOFHEINZ, AMOK, and DAAVEEDEE entering into separate binding written settlement agreements ("Agreements"). The Agreements called for certain representations and a payment to be made in exchange for the release of Plaintiff's claims as set forth in the actions.

38. Plaintiff discharged all of its duties under the Agreements.

39. Despite Plaintiff's performance under the Agreements, AMOK and DAAVEEDEE breached the Agreements by, without limitation, making false representations regarding the amount of products featuring content from the Films manufactured, imported, created, purchased, sold, and remaining in inventory under the Agreements. Additionally, AMOK and DAAVEEDEE breached the Agreements

by, without limitation, continuing to sell products featuring content from the Films after agreeing to be enjoined from doing so as an express term in the Agreements.

40. AMOK and DAAVEEDEE's failure to perform under the Agreements, and breach of the Agreements, has caused special and general damages to Plaintiff in an amount to be established at trial.

41. The Agreement included a provision allowing a Party seeking to enforce the terms of the Agreement against a breaching party to recover its costs and attorneys' fees, and Plaintiff seeks same.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically that for the Films;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
    c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;
    d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
    e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from their acts of infringement;

- 10 -

COMPLAINT

    f. That Plaintiff be awarded pre-judgment interest as allowed by law;

    g. That Plaintiff be awarded the costs of this action;

    h. That Plaintiff be awarded general and special damages; and

    i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

    j. That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any material from the Films or their marketing materials, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by Defendants, any of them, and any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by Defendants, or any of them, from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

    Respectfully submitted,

Dated: January 20, 2015    By:    */s/ Scott A. Burroughs*
        Scott A. Burroughs, Esq.
        DONIGER / BURROUGHS
        Attorneys for Plaintiff
        SUSAN NICHOLSON HOFHEINZ